

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-75,831 & AP-75,832

### EX PARTE DARRELL WAYNE KOSSIE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NO. 973065 IN THE 262ND JUDICIAL DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to thirty-five years' imprisonment. The First Court of Appeals affirmed his conviction. *Kossie v. State*, No. 01-04-00770-CR (Tex. App. – Houston [1st Dist.] October 13, 2005, no pet.)

Applicant filed his first writ of habeas corpus in the district court on October 12, 2006. He filed his second writ in the district court on December 19, 2007. Both writs were forwarded to this

Court at the same time. On February 27, 2008, this Court granted the relief requested on both writs. This Court now reconsiders on its own motion the prior disposition of the two writs, withdraws its opinion of February 27, 2008, and substitutes this opinion.

In both writs Applicant contends, *inter alia*, that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his conviction had been affirmed. Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court has entered findings of fact and conclusions of law that appellate counsel did not receive timely notice of the court of appeals' decision, and therefore failed to timely notify Applicant that his conviction had been affirmed. The trial court recommends that relief be granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006). We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the First Court of Appeals in Cause No. 01-04-00770-CR that affirmed his conviction in Case No. 973065 from the 262nd Judicial District Court of Harris County. Applicant shall file his petition for discretionary review with the First Court of Appeals within 30 days of the date on which this Court's mandate issues.

Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997). Because this Court is granting the relief requested in Applicant's first writ, the second writ, filed in the district court on December 19, 2007, is hereby dismissed as moot.

Delivered: April 2, 2008
Do not publish